HOWARD W. MILLER, PLAINTIFF IN ERROR, v. WEST JER-
SEY AND SEASHORE RAILROAD COMPANY, DEFEND-
ANT IN ERROR.

Argued March 10, 1910—Decided June 20, 1910.

If the plaintiff in an action of negligence fails to prove the facts
alleged in his declaration as giving rise to the duty owed to him
by the defendant, for the breach of which damages are claimed,
a nonsuit directed at the trial will be sustained on error.

On error to the Supreme Court.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *Gaskill & Gaskill.*

The opinion of the court was delivered by

GARRISON, J. A verdict recovered by the plaintiff under
his original declaration was set aside on rule to show cause.
*Miller* v. *West Jersey and Seashore Railroad Co.,* 42 *Vroom*
363. The material facts are stated in the opinion of the
Supreme Court.

The original declaration had counted upon the negligence
of defendant's servants. Before the retrial of the case the
plaintiff amended his declaration by the addition of a count
setting up the negligence of an agent of the Pennsylvania
Railroad Company and charging that it was "the duty of the
defendant and its agents to protect the plaintiff and prevent
the agents of the Pennsylvania Railroad Company from run-
ning one of its trucks over the plaintiff's foot." The aver-
ment of fact from which it was charged that this duty arose
was that "the defendant knew or had reasonable cause to
know that the agents of the Pennsylvania Railroad Company
were using or were about to use or were likely to use the said
platform where the plaintiff was standing, by moving one or

more of its freight trucks against, upon and over the plaintiff's foot."

This amendment was permitted to be made (*Miller* v. *West Jersey and Seashore Railroad Co.*, 47 *Vroom* 282), and at the trial upon the issues thus presented the plaintiff was non-suited for failure to prove the facts alleged in his declaration. This ruling is now assigned as error.

The allegation of fact contained in the first count, viz., that the person whose negligence had injured the plaintiff was an agent of the defendant, was not supported by testimony. Fry, the person referred to, was shown to have been a servant of the Pennsylvania Railroad Company; and there was no testimony to show that Fry was *pro hac vice* the agent of the defendant by reason of his being engaged at the time about its affairs or in forwarding its business. The rules of law applicable to this latter situation do not therefore call for discussion. There was a total failure to prove the facts alleged in this count.

The material fact alleged in the second count, viz., that the defendant knew or had reasonable cause to know of the likelihood of the injury to the plaintiff, was rested at the trial and on the argument here, upon the inherent dangers incident to the place to which the plaintiff had been invited by the defendant, viz., the passenger terminal of the Pennsylvania Railroad Company at Camden. The gravamen of the plaintiff's action, however, was negligence, not alone that of an agent of the Pennsylvania Railroad Company, but also the negligence of the defendant; which it is needless to say must be proved as a fact, or at least must be inferable from facts in proof. If there were facts in existence tending to show that the conduct of the agents of the Pennsylvania Railroad Company in and about its Camden terminal was of such a character that it was *prima facie* negligence for the defendant to have exposed the plaintiff to the risks thence arising, such facts, together with the relevant connecting circumstances, should have been offered in evidence. The rejection of such testimony might raise a question not now presented. No such

testimony was, however, offered and there is no general presumption that the Pennsylvania Railroad Company was negligent. Indeed, the plaintiff himself testified in the most comprehensive way to his personal knowledge of the workings of this terminal station, based upon an almost daily observation extending over a period of eighteen years, without referring to a single act of negligence of the sort that in his declaration he alleges that the defendant had reasonable cause to know about and to guard the plaintiff against. The material allegation therefore on which the second count depends was not attempted to be proved as a fact and it certainly is not to be assumed as a presumption of law. The case of *Exton* v. *Central Railroad Co.,* 33 *Vroom* 7, which is the only case cited by plaintiff in error, clearly exhibits the materiality of such proof. The cases cited by Chief Justice Gummere in his opinion in 42 *Vroom* are to the same effect.

Our conclusion is that the assignments of error are not supported upon any point raised by the plaintiff in error and that upon no legal theory advanced on his behalf is the trial court shown to have committed error in the granting of the motion of nonsuit.

The judgment of the Supreme Court is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Congdon, JJ. 14.

*For reversal*—None.